IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY HERRERA,

    Petitioner,

v.

USA,

    Respondent.

No. 20-cv-665-KG-GBW
No. 14-cr-4115-KG-GBW

MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Petitioner Anthony Herrera's letter pleading, filed June 10, 2022. (Doc. 6). Petitioner is a federal prisoner proceeding *pro se*. He asks the Court to vacate his sentence, arguing, among other things, that new case law supports the requested relief. (Doc. 6). The Court construes the pleading primarily as a second motion to vacate his sentence under 28 U.S.C. § 2255, which the Court will dismiss for lack of jurisdiction. To the extent the pleading seeks relief, under Federal Rule of Civil Procedure 60(b), from the Court's December 2015 Final Judgment, the motion will be denied.

I.    Background.

Petitioner has been a convicted felon since 2008, when he was convicted of a crime for which he served at least nineteen months in prison. *See State of New Mexico v. Herrera*, D-202-CR-2008-02087, CLS: Order Revoking Probation. In 2009 and again in 2010, he was convicted in state court for possessing a firearm as a felon. *See State of New Mexico v. Herrera*, Nos. D-307-CR-2009-0074 & D-307-CR-2010-352.

Based on events that occurred on August 6, 2014, Petitioner was indicted on August 22, 2014, by a state Grand jury for, *inter alia*, aggravated assault with a deadly weapon and shooting

at or from a motor vehicle. (Cr. Doc. 2). *See State of New Mexico v. Hererra*, No. D-307-CR-2014-880, OPN: Grand Jury Indictment. Based on the same events, a federal grand jury indicted Petitioner in December 2014 on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. 924(a)(2), commencing the above captioned criminal case. (Cr. Doc. 1). In August 2015, Petitioner pled guilty to the charge in the federal indictment. (Cr. Doc. 37). The Court entered its judgment on December 17, 2015, sentencing Petitioner to 120 months imprisonment followed by a three-year term of supervised release. (Cr. Doc. 40). Petitioner did not appeal. The judgment became final on December 31, 2015, the first business day following expiration of the 14-day appeal period. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (addressing finality of criminal judgments).

Four and a half years later, on July 7, 2020, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Petition"), commencing the above captioned habeas case. (Cv. Doc. 1). Petitioner challenges the Judgment and Sentence entered in the criminal case, citing the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which had been issued over a year earlier, on June 21, 2019 (Id.). In *Rehaif*, the Court held that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif*, 139 S. Ct. at 2200.

As the judgment in the criminal case had been final for more than four years, and as § 2255(f) imposes a one-year statute of limitations which runs either from the date on which the judgment of conviction becomes final or from the date of another event enumerated in the statute (including new Supreme Court case law), the Court issued an Order to Show Cause requiring

Petitioner to show why the Petition should not be dismissed as untimely. (Doc. 3) (Filed 7/16/20). The response deadline was August 17, 2020. (Doc. 3) at 4. Petitioner never filed a response.

In a Memorandum Opinion and Order ("MOO") entered on September 22, 2020, the Court concluded that Petitioner's claims were barred by the statute of limitations. The Court reasoned:

> Because he requests § 2255 relief more than one year after his sentencing, Herrera seeks collateral review in reliance on a right newly recognized by the Supreme Court in *Rehaif*....
> Herrera claims that *Rehaif* is retroactively applicable on collateral review. However, the majority of courts have held that *Rehaif* is not retroactively applicable for purposes of collateral review.... Herrera's judgment of conviction became final in 2015. Because *Rehaif* is not retroactively applicable on collateral review, the one-year statute of limitations on Herrera's § 2255 claim began running in 2015 and expired one year later.

(Cv. Doc. 4) at 3 (citations omitted). The Court also addressed equitable tolling, noting that the Petition did not establish grounds for equitable tolling nor, when given the opportunity to do so, did Petitioner present any argument in support of altering or tolling the one-year limitation period of § 2255. (Id.) at 4. The Court dismissed the Petition as untimely and denied a certificate of appealability. (Doc. 4) at 5. The Court entered its Final Judgment the same day. (Doc. 5) (Filed 9/22/2020).

Almost two years later, Petitioner filed the pleading presently before the Court (hereinafter the "Motion"). In the Motion, Petitioner seeks relief from his sentence because (1) his sentence was enhanced for a state charge of attempted murder, for which he was never convicted; (2) he believed that by pleading guilty to the charge in the indictment, he would receive a lighter sentence than he ultimately received; (3) and because he believes that new case law (otherwise unspecified) supports his request for relief from his sentence. (Cv. Doc. 6) at 1-2. Petitioner acknowledges the prior habeas Petition only to state that that he "[tried] to do a [§] 2255[,]" but did not know "what exactly he was suppose[d] to do." (Id.) at 1.

3

II.  Discussion.

In *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006), the Tenth Circuit provided a substantive rule to determine when "a pleading denominated a Rule 60(b) motion that arises within a habeas context should be treated as a second or successive habeas petition and when it should be treated as a 'true' 60(b) motion." The Court stated:

> a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition[.]

*Spitznas*, 464 F.3d at 1215–16 (citations omitted).

The Motion presently before the Court is not styled either as a 60(b) motion or as a habeas application. Petitioner primarily seeks relief from his underlying sentence and does not appear to challenge the procedural ruling or raise a defect in the integrity of the disposition of the initial Petition, suggesting that the Motion is truly a second habeas petition. Nevertheless, to the extent that the Motion could be construed as additionally challenging the Court's procedural ruling under Rule 60(b), the Court will treat the Motion as a "mixed" motion and address both forms of relief. *See id.* at 1217 ("In the case of a 'mixed' motion—that is, a motion containing both Rule 60(b) allegations and second or successive habeas claims—the district court should" separately address both).

A. The Court Lacks Jurisdiction Over a Second Request for Habeas Relief Under § 2255.

By statute, District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255

motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 ... claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the defendant files a second § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so . . . , or it may dismiss the motion . . . for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

    1.    <u>Petitioner's request for relief is time barred.</u> Section 2255(f) sets out the statute of limitations governing motions for collateral review of convictions and sentences. It provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As the Court held in its September 22, 2020, MOO, the judgment became final in 2015—

5

nearly seven years before Petitioner filed the Motion and nearly four years before the Supreme Court decided *Rehaif*. There is no indication that governmental action prevented him from seeking habeas relief within a year of either operative event. Petitioner does not rely on a right recognized by the Supreme Court within the past year. And Petitioner does not proffer any newly discovered evidence.

    2.    <u>The Claims Alleged Likely Lack Merit</u>. Petitioner's reference to "new case law" is too vague to suggest a discernable legal theory that he might wish to advance, and the Court will not assume the role of advocate and research the panoply of potentially relevant developments in the law to formulate an argument for him. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (The Court should not "assume the role of advocate for the pro se litigant."). To the extent, however, that Petitioner's reference to "new case law" is a reassertion of his reliance on *Rehaif*, it is unavailing. Petitioners cannot "raise [a *Rehaif* claim] in a successive § 2255 motion because the Supreme Court has not made *Rehaif* retroactively applicable to cases on collateral review." *United States v. Scuderi*, 842 Fed. App'x 304, 305 (10th Cir. 2021) ("*Rehaif* has not been made retroactive by the Supreme Court or any Court of Appeals."); *see also In re Barela*, No. 20-2025 (10th Cir. March 31, 2020) (unpublished order) (same). Petitioner was so advised in the Court's prior MOO.

Even assuming *Rehaif* were retroactively applicable, Petitioner would bear the burden of proving prejudice—*i.e.*, that the outcome of his criminal case would have been different if, in 2015 when he pled guilty to the felon-in-possession charge, the government was required to prove that Petitioner knew he was a felon. *United States v. Aguayo*, 2021 WL 4998920, *2 (10th Cir. Oct. 28, 2021) (unpublished)) (discussing the petitioner's burden of demonstrating prejudice arising from a *Rehaif* error); *Greer v. United States*, 141 S. Ct. 2090, 2097-98 (2021) ("In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant

faces an uphill climb in trying to [show] . . . . that, but for [a] *Rehaif* error, the outcome of the district court proceedings would have been different."). It is doubtful that Petitioner could carry this burden. For "most convicted felons," demonstrating prejudice under *Rehaif* is difficult for "one simple reason: Convicted felons typically know they're convicted felons." *Greer*, 141 S. Ct. at 2098 (internal quotation marks omitted). This is especially so when, as here, the movant served significant prison time and has prior convictions for being a felon in possession of a firearm. *See United States v. Daniels*, 804 F. App'x 944, 946 (10th Cir. 2020) (holding that no reasonable jurist could find it debatable that the petitioner, who had served more than a year of prison time on a felony conviction, knew he had been convicted of a felony); *Greer*, 141 S. Ct. at 2097-98 (the fact of prior felon-in-possession convictions is "substantial evidence" that a person knew he was a felon when he pled guilty to being a felon in possession of a firearm). Furthermore, Petitioner does not argue now, nor did he argue in his initial Petition, that he was unaware of his felony status in August 2014 or that he would have presented evidence to support such a contention in 2015. *Id.* at 2100 ("The bottom line is. . . a *Rehaif* error is not a basis for . . . relief unless the defendant first makes a sufficient argument or representation . . . that he would have presented evidence at trial that he did not in fact know he was a felon.").

3. <u>The Court's Jurisdiction Over the Untimely Petition is Reasonably Clear</u>. While the Court does not find that Petitioner necessarily acted in bad faith, there is nothing in the Motion or on the relevant state and federal dockets to show that Petitioner had a good faith belief that this Court had jurisdiction over Petitioner's Motion—which is in substance and effect, a second § 2255 petition.

For these reasons, a transfer to the Tenth Circuit is not in the interest of justice. The Court will dismiss the Motion for lack of jurisdiction. The Court will also deny a certificate of

appealability under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment ... debatable or wrong").

      B. <u>There is no Basis for Relief from the Final Judgment Under Rule 60(b)</u>.

Federal Rule of Civil Procedure 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Relief from a judgment under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Relief under Rule 60(b)(1)-(3) must be sought within one year after entry of the judgment. *Tilley v. Fish*, 490 F. App'x 968, 970 (10th Cir. 2012). Relief under Rule 60(b)(4)-(6) is not subject to a specific time limit, but a motion thereunder must be made "within a reasonable time." *Tilley*, 490 F. App'x at 970.

To the extent Petitioner seeks relief from the Court's December 17, 2015, Final Judgment because of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, misrepresentation, or misconduct by an adverse party, the Motion is untimely, and relief must be denied. *Id.* Petitioner has not argued, nor has he alleged facts showing that the judgment

is void. To the extent that Petitioner implicitly seeks relief from the Final Judgment on equitable or other grounds based on the Court's rejection of his *Rehaif* claim in the September 22, 2020, MOO, the argument is unavailing for the reasons set forth part (II)(A)(2) of this Memorandum Opinion and Order. Therefore, to the extent the Motion seeks relief under Rule 60(b), it is not well taken and will be denied.

IT IS ORDERED:

1. The Motion (Doc. 6) is DENIED to the extent it seeks relief from the Final Judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

2. To the extent the Motion raises second or successive claims for relief under 28 U.S.C. § 2255, the claims are dismissed without prejudice for lack of jurisdiction.

3. A certificate of appealability is denied.

_____
UNITED STATES DISTRICT JUDGE